**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| BLUE FLAME MEDICAL LLC, | |
|                   Plaintiff, | |
| v. | Civil Action No. **1:20-cv-00658** |
| CHAIN BRIDGE BANK, N.A.,<br>JOHN J. BROUGH, and<br>DAVID M. EVINGER, | |
|                   Defendants. | |
| CHAIN BRIDGE BANK, N.A., | |
|                   Third-Party Plaintiff, | |
| v. | |
| JPMORGAN CHASE BANK, N.A., | |
|                   Third-Party Defendant. | |

**ANSWER AND DEFENSES OF JPMORGAN CHASE BANK, N.A.,**
**TO CHAIN BRIDGE BANK, N.A.'S THIRD-PARTY COMPLAINT**

Under Federal Rules of Civil Procedure 8 and 12, Third-Party Defendant JPMorgan Chase Bank, N.A. ("JPMC") answers the third-party complaint filed by Chain Bridge Bank, N.A. ("Chain Bridge") on October 13, 2020 (ECF No. 43) (the "Third-Party Complaint"), and asserts its affirmative and other defenses.  Except as otherwise expressly set forth below, JPMC denies each and every allegation contained in the Third-Party Complaint, including, without limitation, headings, sub-headings, footnotes, and non-numbered paragraphs contained in the Third-Party Complaint.  Furthermore, JPMC answers only as to the allegations directed at JPMC. No response is required to the allegations regarding persons or entities other than JPMC, *see* Fed. R. Civ. P. 8(b)(1)(B); to the extent that a response is required to such allegations, JPMC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding person or entities other than JPMC.  JPMC does not admit that it bears the burden of proving any of the defenses set forth below.

Subject to the foregoing, JPMC responds to the specifically numbered paragraphs in the Third-Party Complaint as follows:

1.      JPMC admits that it is organized under the laws of the United States, that its main office is located in Columbus, Ohio, and that it is a wholly owned subsidiary of JPMorgan Chase & Co.  JPMC further admits that JPMorgan Chase & Co. is incorporated under the laws of Delaware and maintains its principal place of business at 383 Madison Avenue, New York, New York.  JPMC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in numbered paragraph 1.

2.      Numbered paragraph 2 states conclusions or characterizations of law, and no response is required.  To the extent a response is required, JPMC denies the allegations in

numbered paragraph 2, except admits that Chain Bridge has asserted a claim against JPMC for indemnification under Federal Reserve Board Regulation J and a claim for unjust enrichment.

3.     Numbered paragraph 3 states conclusions or characterizations of law, and no response is required.  To the extent a response is required, JPMC denies the allegations in numbered paragraph 3.

4.     Numbered paragraph 4 states conclusions or characterizations of law, and no response is required.  To the extent a response is required, JPMC denies the allegations in numbered paragraph 4.

5.     JPMC is without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 5 because they are directed at other parties.

6.     JPMC denies the allegations in numbered paragraph 6, except respectfully refers the Court to the March 26, 2020 payment order executed by the State of California for Blue Flame's benefit, which speaks for itself.

7.     Numbered paragraph 7 states conclusions or characterizations of law, and no response is required, except JPMC admits that California's wire transfer was sent over the Federal Reserve's Fedwire Funds Service.  Numbered paragraph 7 purports to quote or characterize Subpart B of the Federal Reserve Board's Regulation J and UCC Article 4A, which speak for themselves; accordingly, JPMC refers the Court to Regulation J and UCC Article 4A for a complete and accurate reading of their content.

8.     JPMC denies the allegations in numbered paragraph 8, except respectfully refers the Court to the March 26, 2020 payment order executed by JPMC to Chain Bridge, which speaks for itself.  JPMC is without knowledge or information sufficient to form a belief as to the authenticity of Exhibit A in numbered paragraph 8.

9.      JPMC is without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 9 because they are directed at other parties.

10.     JPMC denies the allegations in numbered paragraph 10.

11.     JPMC denies the allegations in numbered paragraph 11, except respectfully refers the Court to the March 26, 2020  recall request bearing the Fedwire "Type/Subtype Code" "1001" ("Request for Reversal") issued by JPMC, which speaks for itself.  JPMC is without knowledge or information sufficient to form a belief as to the authenticity of Exhibit B in numbered paragraph 11.

12.     JPMC denies the allegations in numbered paragraph 12, except respectfully refers the Court to the March 26, 2020 confirmation reflecting Chain Bridge's return of the funds to JPMC via Fedwire bearing "Type/Subtype Code" "1002" ("Reversal of Transfer"), which speaks for itself.  JPMC is without knowledge or information sufficient to form a belief as to the authenticity of Exhibit C in numbered paragraph 12.

13.     Numbered paragraph 13 purports to characterize a document that speaks for itself; accordingly, JPMC denies any description or characterization that varies from the document itself.

14.     Numbered paragraph 14 purports to characterize the terms of a document, which speaks for itself; accordingly, JPMC denies any description or characterization that varies from the document itself.

15.     JPMC is without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 15 because they are directed at other parties.

16.     JPMC repeats and incorporates in its response to numbered paragraph 16 the responses to numbered paragraphs 1 through 15 above.

4

17.      Numbered paragraph 17 purports to quote UCC Article 4A, which speaks for itself; accordingly, JPMC refers the Court to UCC Article 4A for a complete and accurate reading of its content.

18.      Numbered paragraph 18 states conclusions or characterizations of law, and no response is required.  Numbered paragraph 18 also purports to quote UCC Article 4A and its official commentary, which speak for themselves; accordingly, JPMC refers the Court to UCC Article 4A and its commentary for a complete and accurate reading of their content.

19.      JPMC denies the allegations in numbered paragraph 19.

20.      Numbered paragraph 20 states conclusions or characterizations of law, and no response is required.  Numbered paragraph 20 also purports to quote or characterize UCC Article 4A, which speaks for itself; accordingly, JPMC refers the Court to UCC Article 4A for a complete and accurate reading of its content.

21.      JPMC repeats and incorporates in its response to numbered paragraph 21 the responses to numbered paragraphs 1 through 20 above.

22.      JPMC denies the allegations in numbered paragraph 22, except admits that it disputes liability to indemnify Chain Bridge under UCC § 4A-211(f).

23.      JPMC denies the allegations in numbered paragraph 23.

24.      Numbered paragraph 24 states conclusions or characterizations of law, and no response is required.  Numbered paragraph 20 also purports to quote or characterize UCC Article 4A, which speaks for itself; accordingly, JPMC refers the Court to UCC Article 4A for a complete and accurate reading of its content.

25.      Numbered paragraph 25 states conclusions or characterizations of law, and no response is required.  To the extent a response is necessary, JPMC denies the allegations in

numbered paragraph 25.

26.     JPMC repeats and incorporates in its response to numbered paragraph 26 the responses to numbered paragraphs 1 through 25 above.

27.     JPMC denies the allegations in numbered paragraph 27, except admits that Chain Bridge returned a wire transfer in the amount of $456,888,600 to JPMC.

28.     Numbered paragraph 28 states conclusions or characterizations of law, and no response is required.  JPMC also is without knowledge or information sufficient to form a belief as to the truth of the allegations about Chain Bridge's "understanding" in numbered paragraph 28 because they are directed at another party.  To the extent a response is required, JPMC denies the allegations in numbered paragraph 28.

29.     JPMC is without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 29 because they are directed at other parties.  To the extent a response is required, JPMC denies the allegations.

30.     Numbered paragraph 30 states conclusions or characterizations of law, and no response is required.  To the extent a response is required, JPMC denies the allegations in numbered paragraph 30.

31.     Numbered paragraph 31 states conclusions or characterizations of law, and no response is required.  To the extent a response is required, JPMC denies the allegations in numbered paragraph 31.

32.     JPMC denies that the relief requested is appropriate or warranted.

## <u>AFFIRMATIVE AND OTHER DEFENSES</u>

Without assuming any burden of proof that it would not otherwise bear, JPMC asserts the following affirmative and other defenses.  JPMC reserves the right to assert further defenses that may be identified in the course of further investigation, discovery, or litigation of this action.

### FIRST DEFENSE

The Third-Party Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Third-Party Complaint is non-justiciable because each and every claim stated therein is not ripe.

### THIRD DEFENSE

The Third-Party Complaint is barred, in whole or in part, by the doctrine of preemption.

### FOURTH DEFENSE

The Third-Party Complaint is barred, in whole or in part, because the wire transfer was canceled under UCC § 4A-211(c)(2).

### FIFTH DEFENSE

The Third-Party Complaint is barred, in whole or in part, because the damages or losses Chain Bridge sustained, if any, were caused by the actions or inactions of parties other than JPMC.  To the extent Chain Bridge did suffer damages or losses, these damages or losses are attributable to intervening or superseding causes, and are not recoverable in connection with the claims asserted.

### SIXTH DEFENSE

The Third-Party Complaint is barred, in whole or in part, because Chain Bridge is equitably estopped from pursuing the relief it seeks.  On information and belief, Chain Bridge

intended to return the wire transfer regardless of JPMC's actions.  JPMC justifiably relied on that intent and acted on the basis of it, leading to any alleged damages or losses Chain Bridge sustained.

### SEVENTH DEFENSE

The Third-Party Complaint is barred, in whole or in part, because JPMC is not legally responsible for the damages or losses Chain Bridge sustained, if any.  To the extent JPMC is subjected to any liability for the alleged damages or losses, Chain Bridge caused or contributed to them, including, on information and belief, by returning the wire transfer regardless of JPMC's actions.  Thus, any award to Chain Bridge must be reduced by an amount equal to the percentage of fault of Chain Bridge in causing or contributing to the damages or losses as alleged in the Third-Party Complaint.

### PRAYER FOR RELIEF

JPMC respectfully requests that the Court (1) dismiss the claims in the Third-Party Complaint against JPMC in their entirety and with prejudice; (2) award JPMC the costs, disbursements, and attorneys' fees incurred by JPMC in defending this action, to the extent authorized by law; and (3) grant such other and further relief as it may deem just and proper.

### DEMAND FOR JURY TRIAL

JPMC demands trial by jury on all issues so triable raised by the Third-Party Complaint.

Dated:  November 16, 2020

Respectfully submitted,

/s/ Meredith K. Loretta

MEREDITH K. LORETTA (92369)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Avenue N.W.
Washington, DC  20006
Tel.: (202) 663-6981
meredith.loretta@wilmerhale.com


ALAN E. SCHOENFELD (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY  10007
Tel.: (212) 230-8800
alan.schoenfeld@wilmerhale.com


*Attorneys for Third-Party Defendant*
*JPMorgan Chase Bank, N.A.*